IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NEDOLANDEZ LEON SANTOS,    )
                                         )
      Plaintiff,            )
                                         )
      v.                )      CASE NO. 2:26-CV-00374-BL-JTA
                                       )
B. THOMPKINS, et al.,      )
                                       )
      Defendants.     )

**MEMORANDUM OPINION AND ORDER**

Nedolandez Leon Santos[1], an inmate proceeding *pro se*, initiated this action by filing a Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Doc. 1). The Plaintiff did not pay the requisite filing and administrative fees upon initiating this action and instead filed motions to proceed *in forma pauperis*. (Docs. 2 & 9). For the reasons explained below, the Plaintiff's motions to proceed *in forma pauperis* will be **DENIED** and this case will be **DISMISSED** without prejudice because the Plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915(g).

---

[1] Based on the Complaint's caption, a second individual—David Burns—was also docketed as a plaintiff in this action. However, the Prison Litigation Reform Act ("PLRA") requires "each individual prisoner to pay the full amount of the required [filing] fee." *Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001). Thus, multiple prisoners are not entitled to join their claims in a single cause of action. *Id*. Accordingly, the Clerk of Court is **DIRECTED** to terminate David Burns as a plaintiff.

The PLRA imposes specific restrictions on civil rights lawsuits filed by inmates in federal court.  One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The purpose of this provision is "to curtail abusive prisoner litigation."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

Under this provision, if a prisoner has three or more qualifying dismissals, or "strikes," and fails to pay the required filing fee at the time a new complaint is filed, the Court must dismiss the case without prejudice.  *See id*.  As the Eleventh Circuit explained in *Dupree*, the three-striker cannot cure such failure by paying the filing fee after the complaint has been filed:

> [W]e conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).  The prisoner cannot simply pay the filing fee

2

after being denied *in forma pauperis* status.  He must pay the filing fee at the time he initiates the suit.

*Id*. at 1236; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

The Plaintiff has filed numerous civil actions in Alabama federal courts while incarcerated and has accumulated at least three strikes under § 1915(g).[2]  *See, e.g., Santos v. Hutto*, No. 2:09-cv-135-TMH-TFM (M.D. Ala. 2009) (dismissed in May 2009 as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Santos v. Flemmings et al.*, No. 2:09-cv-787-TMH-TFM (M.D. Ala. 2009) (dismissed in December 2009 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); and *Santos v. Flowers et al.*, No. 2:09-cv-1087-ID-TFM (M.D. Ala. 2009) (dismissed in January 2010 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).[3]

Consequently, federal district courts in Alabama have dismissed numerous subsequent civil actions filed by the Plaintiff as barred by § 1915(g)'s three-strikes provision.  *See, e.g., Santos v. Mitchem*, No. 2:10-cv-2057-IPJ-PWG (N.D. Ala. 2010) (dismissed in August 2010 under § 1915(g)); *Santos v. Ala. Dep't of Corr.*, No. 1:11-cv-59-CG-M (S.D. Ala. 2011) (dismissed in April 2011 under § 1915(g));

---

[2] "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) (citation and internal quotations marks omitted).  Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

[3] The provided list of the Plaintiff's strikes may not be exhaustive.

*Santos v. Mitchem*, No. 7:11-cv-2666-RDP-PWG (N.D. Ala. 2011) (dismissed in July 2011 under § 1915(g)); and *Santos v. Lawson et al.*, No. 2:12-cv-621-TMH-TFM (M.D. Ala. 2012) (dismissed in August 2012 under § 1915(g)).

Because the Plaintiff has accrued at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he demonstrates that he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'" *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). Allegations of past harm do not satisfy the requirements of the statutory exception. *Id.*; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is … insufficient."). Additionally, generalized assertions, lacking specific fact allegations to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g). *Id.*; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions … are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the Court considers a complaint in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

4

The 25-page Complaint—which is largely disjointed and at times difficult to follow—alleges that, while incarcerated at Ventress Correctional Facility on January 9, 2026, the Plaintiff was assaulted by inmates and "their were no timely security." (Doc. 1 at 2).  The Plaintiff asked to be moved to a different dorm, but his request was disregarded.  (*Id*.).  On January 26, 2026, he was assaulted by different inmates.  (*Id*. at 3).  That same day and/or the following day, he was issued two false disciplinaries charging him with disobeying an order and assaulting an officer and, after a disciplinary hearing in February, he was found guilty.  (*Id*. at 2–5; Doc. 1-1 at 8, 12–13).  The Complaint further challenges a lack of various medical treatments, the loss of various privileges, and various actions taken by numerous Ventress employees.  (*Id*. at 2–7).  As relief, the Plaintiff asks for his disciplinaries to be dismissed as well as monetary damages.  (*Id*. at 8).

Nothing in the Complaint indicates that the Plaintiff faced imminent danger of serious physical injury at the time the Complaint was filed in May of 2026, at which time he had already been transferred to a different correctional facility.  *See Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is … insufficient."); *Jacoby v. Young*, 838 F. App'x 508, 510 (11th Cir. 2021) (finding that plaintiff's transfer to a new correctional facility "forecloses a conclusion that [he] is in imminent danger from the specific defendants in this case"); *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013)

5

(explaining that "even if [prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred).  Thus, the Court finds that the Complaint, as a whole, fails to trigger the imminent danger exception to the three-strikes provision, and this action must be dismissed under 28 U.S.C. § 1915(g).

Accordingly, based on the foregoing, it is **ORDERED** as follows:

(1)    The motions to proceed *in forma pauperis* (Docs. 2 & 9) are **DENIED**.

(2)    This case is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).

(3)    All remaining motions are **DENIED** as moot.

A Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 2nd day of July, 2026.

_____
**BILL LEWIS**
UNITED STATES DISTRICT JUDGE